UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>DRAY JOAQUIN-RODRIGUEZ. | No. 2:21-cr-00550-(WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on the *pro se* motion of Defendant Dray Joaquin-Rodriguez ("Defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Covid-19 pandemic. ECF No. 28. For the reasons set forth below, Defendant's motion is **DENIED**.

### I. BACKGROUND

Defendant is a thirty-six year old Dominican male incarcerated at FCI Butner Medium I in North Carolina ("Butner"). On December 9, 2021, Defendant was sentenced to 18 months incarceration after pleading guilty to possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Judgement, ECF No. 27; Plea, ECF No. 19.

On April 12, 2022, Defendant submitted a request for compassionate release to the warden at Butner. Having received no response, on July 5, 2022, Defendant filed the present motion seeking compassionate release due to his vulnerability to Covid-19. The Government has not filed any opposition.

### II. DISCUSSION

Pursuant to the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sellers*, No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). As more than thirty days have passed since Defendant's request to Butner for compassionate release, Defendant has exhausted his administrative remedies and the motion is properly before the Court. *See* 18 U.S.C. § 3582(c).

Once the exhaustion requirement has been met, the Court may grant a motion to modify an imposed term of imprisonment if the defendant shows that extraordinary and compelling reasons exist to justify such release and "such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A prisoner seeking to establish "extraordinary and compelling reasons" for compassionate release due to Covid, must show "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

If extraordinary and compelling reasons exist, the Court must then consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of the defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see, e.g., United States v. Pawlowski*, 967 F.3d 327, 329- 30 (3d Cir. 2020). Those factors include but are not limited to: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the sentencing range established for the applicable category of offense"; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes; and "the need to avoid sentence disparities." 18 U.S.C. § 3553(a). "[A] grant of compassionate release is a purely discretionary decision." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022).

### A. Extraordinary and Compelling Circumstances

Defendant contends that the extraordinary and compelling reasons warranting his early release include: 1) his race and chronic health conditions - hypertension, sleep apnea, asthma, obesity, and paroxysmal nocturnal dyspnea; 2) his allergy to the flu vaccine, which contains "PEG" (Polyetheline Glycol), the same ingredient in the Pfizer Covid-19 vaccine offered at Butner; 3) a greater risk of infection due to overcrowding and poor management at Butner; and 4) the positive steps taken by Defendant to better himself. As discussed below, these circumstances, individually and taken as a whole, do not constitute extraordinary and compelling reasons justifying his release.

As an initial matter, race "is not an independent cause in increasing the risk of severe illness due to COVID-19." *United States v. Cherry*, No. 9-715, 2020 WL 5868800, *3 (D.N.J. Oct. 2. 2020) (noting conclusion of Centers for Disease Control and Prevention ("CDC") that race is a risk marker for other underlying conditions that impact health such as socioeconomic status and access to health care).

Next, while the Court is sympathetic to Defendant's various health concerns, they do not warrant a sentence reduction. First, Defendant has not demonstrated that he is obese. According to the Presentence Report, Defendant is 5 feet 8 inches, weighs 195 pounds, and has a Body Mass Index of 29.6, which qualifies as overweight but not obese under CDC guidelines. *See* https://www.cdc.gov/healthyweight/assessing/bmi/adult/bmi//index.html (last accessed July 14, 2022). In any event, courts have generally found that weight and hypertension do not constitute extraordinary and compelling circumstances requiring compassionate release, even when the individual suffers from additional medical conditions. *See, e.g., United States v. Jimenez*, No. 15-87, 2020 WL 5887578, at *2 (D.N.J. Oct. 5, 2020) (collecting cases from this district denying compassionate release for lack of extraordinary and compelling circumstances

where defendants suffered from obesity and other medical conditions); *United States v. Tull*, No. 15-622, 2020 WL 6336180, at *3 (D.N.J. Oct. 29, 2020) (collecting cases that "have denied compassionate release to inmates suffering from obesity, hypertension, and/or other health issues, despite the risk of COVID-19."). Second, while an individual may be at a higher risk of an adverse outcome of Covid-19 due to moderate to severe asthma, Defendant has not demonstrated the severity of his asthma beyond stating that he has been prescribed an inhaler. Even if Defendant's asthma concerns are legitimate, early release is not justified on that basis. *See United States v. Young*, 17-413, 2021 WL 1961303, at *2 (D.N.J. May 17, 2021) (rejecting asthma as basis for compassionate release). As to Defendant's remaining health concerns, "the CDC has not identified sleep apnea as a factor which increases the risk of developing serious illness from COVID-19." *United States v. Hooks*, CR 13-257, 2020 WL 4756341, at *6 (E.D. Pa. Aug. 17, 2020). Moreover, Defendant has not supported his claim that he suffers from Paroxysmal Nocturnal Dyspnea[1] or shown that that condition increases his risk of severe illness should he contract Covid-19.

As for Defendant's suggestion that he may be allergic to the Pfizer Covid vaccine due to his allergy to the flu vaccine, there is no indication that PEG is the ingredient that he is allergic to, particularly since PEG is only used in "some" flu vaccines. Fact check: The flu vaccine does not include many of these supposed ingredients | Reuters, https://www.reuters.com/article/uk-factcheck-vaccine-idUSKBN27F2YI. Notably, PEG is also found in many common products including medications, toothpaste, shampoo, skincare, and laxatives, as well as in both Moderna and Pfizer mRNA Covid vaccines. PEG Compound Can Trigger Allergic Reactions to Vaccines, But It's Not Likely (verywellhealth.com), https://www.verywellhealth.com/peg-compound-in-covid-19-vaccine-5119161.

Next, Defendant has not shown that he is at greater risk of contracting Covid-19 at Butner. At the time of drafting of this decision, Butner had no confirmed active cases of Covid among inmates and only seven cases among staff. *See* BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last accessed July 26, 2022). Butner also maintains operational mechanisms to ensure inmate safety. *See* BOP: BOP's COVID-19 Overview, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last accessed July 19, 2022); *see also United States v. Jefferson*, No. 21-2020, 2021 WL 4279626, at *2 (3d Cir. Sept. 21, 2021) ("'[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.'" (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). In fact,

Finally, although Defendant's efforts at self-studies and completion of a recidivism reduction programming are commendable, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason." U.S.S.G. 1B1.13, Application Note 3; *see United States v. McNair*, 481 F. Supp. 3d 362, 370 (D.N.J. 2020).

---

[1] Paroxysmal Nocturnal Dyspnea is a condition that causes sudden shortness of breath during sleep. https://www.healthline.com/health/paroxysmal-nocturnal-dyspnea.

In sum, Defendant has not demonstrated extraordinary and compelling reasons to justify granting compassionate release.

## B. The 18 U.S.C. § 3553(a) Factors Disfavor Defendant's Release

Even assuming that extraordinary and compelling reasons warrant a reduction, the Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against Defendant's early release. At the time of Defendant's sentencing, the Court expressed a need to impose a sentence that would reflect the seriousness of the offense, a concern for the Defendant's criminal history, and emphasized adequate deterrence from future criminal conduct. Considering Defendant has only served 7 months, less than half of his sentence, and the nature of the offense committed, the Court finds that reduction is not justified. *See Pawlowski*, 967 F.3d at 330-31 (noting that district courts have denied compassionate release where inmate still had half or more of sentence left to serve and upholding lower court's decision that substantial sentencing reduction which would result from grant of compassionate release would be inconsistent with § 3553(a) factors). Releasing Defendant now would simply fail to either recognize the seriousness of the offense for which Defendant is incarcerated or promote respect for the law. *See Tull*, No. 15-622, 2020 WL 6336180, at *4.

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

An appropriate Order shall follow.

_____
WILLIAM J. MARTINI, U.S.D.J.

Date: August 9th, 2022